David R. Markham (SBN 071814)
*dmarkham@markham-law.com*
Maggie Realin (SBN 263639)
*mrealin@markham-law.com*
Lisa Brevard (SBN 323391)
*lbrevard@markham-law.com*
**THE MARKHAM LAW FIRM**
888 Prospect Street, Suite 200
La Jolla, CA 92037
Tel.: 619.399.3995; Fax: 619.615.2067

Walter Haines (SBN 071075)
*walterhaines@yahoo.com*
**UNITED EMPLOYEES LAW GROUP**
5500 Bolsa Avenue, Suite 203
Huntington Beach, CA 92649
Tel.: 888.474.7242; Fax: 562.256.1006

Attorneys for Plaintiff on behalf of himself and all others similarly situated

## UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE ALMANZAR, an individual, on behalf of himself and all others similarly situated,<br><br>      Plaintiff,<br><br>      v.<br><br>HOME DEPOT U.S.A., INC., a Delaware Corporation<br><br>      Defendant. | **CASE NO.: 2:20-cv-00699-TLN-KJN**<br>**CLASS ACTION**<br><br>**SECOND AMENDED COMPLAINT FOR:**<br>1) **FAILURE TO PROVIDE MEAL PERIODS;**<br>2) **FAILURE TO PROVIDE REST PERIODS;**<br>3) **FAILURE TO PAY REGULAR AND/OR OVERTIME WAGES;**<br>4) **FAILURE TO REIMBURSE NECESSARILY INCURRED BUSINESS EXPENSES;**<br>5) **FAILURE TO FURNISH TIMELY AND ACCURATE WAGE STATEMENTS;**<br>6) **FAILURE TO PAY ALL WAGES DUE UPON TERMINATION;**<br>7) **VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW ("UCL"), BUS. & PROF. CODE § 17200 *et seq.***<br>8) **VIOLATION OF PRIVATE ATTORNEYS GENERAL ACT (PAGA) (Lab. Code §2698, *et seq.*)**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff JORGE ALMANZAR ("Plaintiff"), by and through his attorneys of record, brings this Class Action Complaint against Defendant HOME DEPOT U.S.A. Inc., a Delaware Corporation, ("HOME DEPOT" or "Defendant"). Plaintiff hereby alleges, on information and belief, except for information based on personal knowledge, which allegations are likely to have evidentiary support after further investigation and discovery, as follows:

## NATURE OF THE ACTION

1.    This is a class action for wage and labor violations arising out of Defendant's failure to pay wages for all time worked, pay wages for all time worked at a correct rate, failure to provide timely and uninterrupted meal and rest periods, failure to reimburse necessarily incurred business expenses, and for derivative claims.

2.    As more fully set forth below, Defendant failed to provide timely and uninterrupted meal and rest periods to its California non–exempt Night Team Merchandising Execution Associates in violation of California Labor Code §§ 512 and 226.7, and the applicable Industrial Wage Order; failed to pay its employees one hour of pay at the regular rate of compensation for each instance that Defendant failed to provide statutorily mandated rest periods and timely off–duty meal periods; failed to pay them overtime for work in excess of eight hours a day or 40 hours a week; failed to reimburse incurred necessary business expenses; failed to furnish timely and accurate wage statements; failed to pay all wages due upon termination; and, is in violation of California's Unfair Competition Law ("UCL"), and Private Attorneys General Act of 2004 ("PAGA").

3.    Plaintiff seeks to represent and prosecute claims against Defendant in class action proceedings on behalf of all those similarly situated who are or were residents of the State of California.

## JURISDICTION AND VENUE

4.    This Court has diversity jurisdiction over this action, under 28 U.S.C. §

1

1332. Plaintiff is a citizen of California and Defendant is a citizen of Georgia.

5.    In addition, this Court also has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). CAFA grants federal district courts original jurisdiction over civil class action lawsuits filed under federal or state law in which there are at least 100 members of the class, and any member of a class of plaintiffs is a citizen of a state different from any defendant, and the matter in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d).

6.    This case meets each of the CAFA requirements because (1) Plaintiff alleges on information and belief there are hundreds if not thousands of class members in California, (2) there is diversity between at least one putative class member and the named Defendant; and (3) Plaintiff alleges and believes the aggregate claims for wages and penalties exceed the jurisdictional $5,000,000.00 amount. As such, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d). This Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

7.    Venue is proper because upon information and belief, Defendant conducts substantial business—including employing class members within this District, and maintains numerous stores in this District.

**PARTIES**

8.    Plaintiff JORGE ALMANZAR is currently a resident of Canyon Country, California. Plaintiff was employed by Defendant as a non-exempt, hourly-paid Night Team Merchandising Execution Associate ("Night Team MEA") in Los Angeles, California, from approximately June 2018 to April 2020.

9.    Plaintiff is informed and believes, and on that basis alleges, that HOME DEPOT is a Delaware Corporation with a principal place of business at 2455 Paces Ferry Road, Atlanta, Georgia 30339. Defendant is in the business of supplying tools and construction products and services throughout California. Plaintiff is informed and believes, and on that basis alleges, that HOME DEPOT is, and at all relevant times

alleged herein was, a Delaware corporation authorized to and conducts business in California, including but not limited to the Eastern District of California. Defendant employs Plaintiff at several of its Los Angeles, California, locations and employs/employed other Night Team Merchandising Execution Associates throughout California.

## FACTS

10.    From June 2018 to April 2020, Plaintiff was employed by Defendant as a non-exempt, hourly-paid Night Team Merchandising Execution Associate in Los Angeles, California.

11.    In his role as a non-exempt, hourly-paid Night Team Merchandising Execution Associate ("Night Team MEA"), Plaintiff worked 10-hour shifts four days a week, with three to four shifts per week spent traveling between multiple of Defendant's stores in the North Los Angeles area, and working with a traveling team of nine people. Plaintiff's duties included merchandising projects, planogram maintenance, overhead organization, and display/signage maintenance designed to enhance the customer experience at the store. Plaintiff would ensure that the products were stocked and properly merchandised. Plaintiff would perform his duties utilizing his own vehicle.

12.    During the relevant time period, Defendant failed to provide Plaintiff and other class members with timely and off–duty meal periods, in violation of California law. Since Plaintiff and other class members worked overnight shifts at multiple of Defendant's locations, Plaintiff's direct supervisor was supposed to have the keys to the particular store they are working in; however, this was usually not the case. When it was time for Plaintiff's meal period, Plaintiff had to locate the manager of the store he was working in to come unlock the doors so he may leave. Due to the difficulty of locating the store manager, Plaintiff's and other class members' meal periods were often taken after the end of their fifth hour of work.

13.    Further, Defendant failed to provide Plaintiff and other class members with

*Almanzar v. The Home Depot USA, Inc.*
SECOND AMENDED CLASS ACTION COMPLAINT

1  timely and off–duty meal periods on shifts over 10 hours, in violation of California law.

2  Plaintiff and other class members that worked shifts of over 10 hours are entitled to a

3  second 30-minute uninterrupted meal period. However, Plaintiff and other class members

4  were told by their managers that Defendant's policy states that every employee working a

5  10-hour shift is required to take one meal period and waive the second, and that

6  adherence to this policy was a condition of Plaintiff's and class members' employment,

7  despite the fact that Plaintiff and class members did not sign a meal waiver nor any other

8  similar document. Plaintiff and other class members were not paid meal period premiums

9  for each day a second uninterrupted and timely meal period was not provided.

10        14.    Additionally, Defendant's policies and practices regarding work conditions

11 and expectations for its non-exempt, hourly-paid Night Team MEAs, caused Plaintiff and

12 other class members to miss one or more rest breaks, and/or receive late, short or

13 interrupted rest breaks.  Plaintiff and other class members faced disciplinary action when

14 projects were not completed on time. When Plaintiff and class members were able to take

15 their rest breaks, they were frequently interrupted by their supervisors or managers with

16 work-related issues, like inquiring about the status of projects.

17        15.    Further, because Plaintiff and other class members would travel to multiple

18 of Defendant's locations, the average commute time was 30 minutes. Plaintiff and other

19 class members worked 10 hour shifts not including their commute; however, the

20 commute time is paid at the regular rate, even though this time is in excess of 8 hours in a

21 day or 40 hours in a workweek. Plaintiff and other class members were required to

22 submit a mileage matrix to Defendant as well as input all mileage into an App called

23 "Concur." The managers would then enter this time into Kronos under an "OT Travel"

24 pay code; however, they were compensated only at their regular rate. This practice

25 applied to all of the nine traveling team members. Thus, Defendant failed to properly

26 compensate Plaintiff and class members for all hours worked at the appropriate overtime

27 rate for time that Plaintiff and class members spent traveling from one location to

28

1    another.

2    16.    During the relevant time period, upon information and belief, Defendant

3    willfully, and on a systematic and company–wide basis, maintained and implemented a

4    non–compliant practice and/or policy for the payment of overtime, and failed to pay all

5    overtime wages owed to Plaintiff and class members. Defendant would edit Plaintiff's

6    and class members' shift end time in the system, rounding it to the nearest 15-minute, to

7    avoid addition of overtime. Upon information and belief, Defendant would delete 2.5

8    hours of overtime every week.

9    17.    Furthermore, during the relevant time period Plaintiff and class members

10   were required to travel in their own vehicles to each Home Depot location in performance

11   of their job duties as Night Team MEAs but were not reimbursed for all actual mileage

12   expenses they incurred. Defendant reimbursed Plaintiff and class members for incurred

13   mileage expenses at a rate of 40 cents per mile, instead of the standard rate of 57 cents

14   per mile set by the Internal Revenue Service. Defendant only recently started paying

15   Plaintiff and other class members 40 cents per mile for mileage reimbursement. Prior to

16   November 2019, the rate was approximately 15 cents.

17   18.    Also, during the relevant time period, Plaintiff and other class members were

18   required to use their personal cellphones for work purposes. Managers would call

19   Plaintiff and class members on their personal cellphones, instead of using the paging

20   system in the store. Plaintiff and class members would be asked to send the managers text

21   messages with pictures of the status of projects, with questions about the projects, or

22   inquiring about where they are in the store. Sometimes, Plaintiff would already be home

23   from his shift and would receive calls from his manager asking work-related questions.

24   Plaintiff and class members have never been reimbursed for all cellphone expenses.

25   19.    Defendant claims to have an open-door policy and that complaints are

26   anonymous, however, Plaintiff and other class members fear retaliation if they make a

27   complaint. After instances of Plaintiff complaining to managers, Plaintiff experienced

28

retaliation from supervisors. He would be assigned projects that were meant for two people to complete and an unreasonable deadline in which to complete it. If Plaintiff and other class members did not complete their assigned projects, they faced a verbal or written warning that could result in termination.

20.    Upon information and belief, the above–mentioned unlawful employment practices by Defendant were applied the same to all non-exempt, hourly-paid Night Team Merchandising Execution Associates throughout Defendant's stores in California.

21.    Defendant's conduct, as alleged here, caused Plaintiff and other class members damages including, but not limited to, loss of wages and compensation. Defendant is liable to Plaintiff and the class for failing to pay meal and rest break premiums; failing to pay meal and rest break premiums at the regular rate of pay; failing to pay all regular and/or overtime wages owed for each pay period; failing to reimburse for business-related expenses, including all incurred mileage while traveling from one location to another and personal cellphone usage in performance of their job duties; failing to provide timely and accurate wage statements; failure to pay all wages due upon termination; and violation of California's unfair competition law, and Private Attorneys General Act of 2004 ("PAGA").

22.    Plaintiff is member of, and seeks to be a representative for, the class of similarly situated employees who all have been exposed to, have suffered, and/or were permitted to work under Defendant's unlawful employment practices as alleged in this complaint.

## EXHAUSTION OF PAGA NOTICE REQUIREMENT

23.    Plaintiff Almanzar exhausted the notice requirement by filing a complaint with the Labor and Workforce Development Agency ("LWDA") in his letter dated May 19, 2020, as required under the California Labor Code Private Attorneys General Act ("PAGA"). A true and correct copy of Plaintiff's letter is attached hereto as Exhibit A. The LWDA did not assume jurisdiction over the applicable penalty claims alleged;

1    therefore, Plaintiff has exhausted the procedural requirement under PAGA to pursue any

2    and all penalty claims as provided under PAGA.

3    **CLASS DEFINITIONS AND CLASS ALLEGATIONS**

4    24.    Plaintiff brings this action on behalf of himself and on behalf of all others

similarly situated, and as members of the Class they seek to represent. The Class Period

is from four years prior to the filing of the Complaint in this action until the trial of this

action ("Class Period"). The Class is defined as:

> *All current and former non–exempt, hourly-paid Night Team Merchandising Execution Associates employed by Defendant in California during the Class Period.*

25.    **Numerosity/Impracticability of Joinder**: The members of the Class are so

numerous that individual joinder is impracticable. The members of the class are so

numerous that joinder of all members would be unfeasible and impracticable. Plaintiff

estimates, on information and belief, that there are hundreds of current and former non–

exempt, hourly-paid store manager employees of Defendant employed, or formerly

employed, at Defendant's stores in California during the Class Period. The identity of

individuals qualifying for class membership is readily ascertainable via inspection of the

personnel records and other documents maintained by Defendant in the normal course of

business. Class members may be notified of the pendency of this action by mail,

electronic mail, the Internet, or published notice.

26.    **Commonality and Predominance**: Common questions of law and fact exist

as to all members of the Class. These questions predominate over any questions affecting

only individual class members such that a class action is superior to other forms of action.

The claims of the named Plaintiff are typical of those of every other member of the

Plaintiff Class. All Class Members were treated in a similar fashion and suffered similar

harm as a consequence of Defendant's conduct, as alleged. Common legal and factual

questions include, but are not limited to:

a.    Whether Defendant engaged in a pattern or practice of impeding Plaintiff and

7

the members of the class from taking statutory off–duty meal periods on a timely basis;

b. Whether Defendant had a policy or practice of not paying meal or rest period premium wages;

c. Whether Defendant had a policy or practice of not paying meal or rest period premium wages at the regular rate of pay;

d. Whether Defendant violated Labor Code §510 and the applicable California Industrial Welfare Commission Order by failing to pay Plaintiff and class members overtime wages;

e. Whether Defendant violated Labor Code §2802, by failing to reimburse Plaintiff and class members incurred necessary business expenses;

f. Whether Defendant failed to maintain accurate and itemized wage statements;

g. Whether Defendant conducted and engaged in unfair business practices and violated California Business and Professions Code § 17200;

h. Whether Defendant violated Labor Code § 201-203 by failing to pay all wages due upon termination to all Class members who were terminated or voluntarily quit; and

i. The nature and extent of class–wide injury and the measure of damages or restitution for the injury.

27. **Typicality:** Plaintiff's claims are typical of the claims of the members of the class he seeks to represent because Plaintiff, as non–exempt, hourly paid Night Team Merchandising Execution Associate employed by Defendant, was exposed and subjected to the same unlawful business practices and conduct as other non–exempt, hourly paid Night Team Merchandising Execution Associates employed by Defendant during the class period. Named Plaintiff's claims arise from the same practices and course of conduct that give rise to the claims of the members of the class and are based on the same legal theories. Plaintiff and the members of the class he seeks to represent sustained the

same types of damages and losses.

28.    **Adequacy:** Plaintiff is an adequate representative of the class he seeks to represent because his interests do not conflict with the interests of the members of the class Plaintiff seeks to represent. There is a well–defined community of interest in the questions of law and fact affecting the class of persons that Plaintiff represents as a whole. Plaintiff retained counsel competent and experienced in complex class action litigation, and Plaintiff intends to prosecute this action vigorously. Neither Plaintiff nor his attorneys have any interests contrary to or in conflict with the Class. The interests of the members of the Class will be fairly and adequately protected by Plaintiff and his counsel.

29.    Plaintiff does not anticipate any difficulty managing this litigation.

30.    **Superiority and Substantial Benefit:** The class action is superior to other available means for the fair and efficient adjudication of Plaintiff's and the Class members' claims. Individual employees such as Plaintiff have a difficult time prosecuting an individual action against large corporate employers such as Defendant. The damages suffered by each individual class member may be limited. Damages of such magnitude are small given the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct. Further, it would be virtually impossible for the class members to redress the wrongs done to them on an individual basis. Even if members of the Class themselves could afford such individual litigation, the court system could not. Individualized litigation increases the delay and expense to all parties and the court system due to the complex legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

31.    The Class should also be certified because:

a.    The prosecution of separate actions by individual members of the Class

would create a risk of inconsistent or varying adjudications with respect to individual class members which would establish incompatible standards of conduct for Defendant;

b.  The prosecution of separate actions by individual members of the Class would create a risk of adjudication with respect to them, which would, as a practical matter, be dispositive of the interests of the other class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and

c.  Defendant acted or refused to act on grounds generally applicable to the Class, and/or the general public, thereby making appropriate final and injunctive relief with respect to the Class as a whole.

**FIRST CAUSE OF ACTION**
**FAILURE TO PROVIDE MEAL PERIODS**
**(Violation of Labor Code §§ 512, 226.7, and the applicable Wage Order)**
**(Against all defendants)**

32.    Plaintiff re–alleges and incorporates all preceding paragraphs as if fully set forth herein.

33.    California Labor Code § 226.7(b) provides, "An employer shall not require an employee to work during a meal or rest period mandated pursuant to an applicable order of the Industrial Welfare Commission".

34.    IWC Order No. 7-2001(11)(A) provides, in pertinent part: "[n]o employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee."

35.    § 512(a) of the California Labor Code provides, in pertinent part: "[a]n employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except

that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

36.    As alleged herein, Defendant failed to authorize and permit timely and uninterrupted meal periods during the Class Period. Plaintiff and members of the Class were routinely required to work without a timely and uninterrupted meal period at the direction of Defendant and/or with Defendant's knowledge and acquiescence. Additionally, there was no signed waiver waiving meal periods on shifts of no more than six hours or waiving the second meal period on shifts over 10 hours, but less than 12.

37.    By its actions in requiring its employees to work through meal periods and/or its failure to relieve the employees of their duties for their off–duty meal periods, Defendant has violated California Labor Code §§ 226.7, 512 and § 11 of IWC Wage Order No. 7-2001, and is liable to Plaintiff and the class.

38.    As a result of the unlawful acts of Defendant, Plaintiff and the class have been deprived of timely off–duty meal periods and are entitled to recovery under Labor Code §§ 226.7(c), 512 and § 11of IWC Wage Order No. 4-2001, in the amount of one additional hour of pay at the employee's regular rate of compensation for each workday in which Defendant failed to provide its employees with timely statutory off–duty meal periods. *See Ferra v. Loews Hollywood Hotel, LLC*---P.3d---2021 WL 2965438 (July 15, 2021).

39.    Plaintiff, and the other members of the class, are entitled to seek and recover reasonable attorneys' fees and costs pursuant to Labor Code §§ 226.7 and 512.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## SECOND CAUSE OF ACTION
## FAILURE TO PROVIDE REST PERIODS
### (Violation of Labor Code §§ 226.7 and the applicable Wage Order)
### (Against all defendants)

40.    Plaintiff re–alleges and incorporates all preceding paragraphs as if fully set forth herein.

41.    California Labor Code § 226.7(b) provides, "An employer shall not require an employee to work during a meal or rest period mandated pursuant to an applicable order of the Industrial Welfare Commission".

42.    IWC Order No. 7-2001(12)(A) provides, in pertinent part: "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one–half (3 ½) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages".

43.    IWC Order No. 7-2001(12)(B) further provides: "[i]f an employer fails to provide an employee with a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided." . *See Ferra v. Loews Hollywood Hotel, LLC*---P.3d---2021 WL 2965438 (July 15, 2021).

44.    As alleged herein, Defendant failed to authorize and permit rest breaks during the Class Period. Plaintiff and members of the class were routinely interrupted during rest periods or were required to work through rest periods due to press of business at the direction of Defendant and/or with Defendant's knowledge and acquiescence.

45.    By its actions in requiring its employees during the Class Period to work through rest periods and/or its failure to relieve the employees of their duties for their rest

periods, Defendant violated § 12 of IWC Wage Order No. 7-2001 and California Labor Code § 226.7 and is liable to Plaintiff and the class.

46.    Defendant's unlawful conduct alleged herein occurred in the course of employment of Plaintiff and all others similarly situated and such conduct has continued through the filing of this complaint.

47.    As a direct and proximate result of Defendant's unlawful action, Plaintiff and the class have been deprived of timely rest periods and/or were not paid for rest periods taken during the Class period and are entitled to recovery under Labor Code § 226.7(c) in the amount of one additional hour of pay at the employee's regular rate of compensation for each workday in which Defendant failed to provide employees with timely and/or paid rest periods.

48.    Plaintiff, and the other members of the class, are entitled to seek and recover reasonable attorneys' fees and costs pursuant to Labor Code §§ 226.7.

### THIRD CAUSE OF ACTION
### FAILURE TO PAY REGULAR AND/OR OVERTIME WAGES
### (Violation of Labor Code § 216, 218.5, 510, 1194, 1198, and the applicable Wage Order)
### (Against all defendants)

49.    Plaintiff re–alleges and incorporates all preceding paragraphs as if fully set forth herein.

50.    California Labor Code establishes the fundamental right of all employees in the State of California to be paid wages for their work in a timely fashion.

51.    Pursuant to the applicable Wage Order, Defendant is required to pay Plaintiff for all hours worked, meaning all the time in which an employee is subject to the control of the employer.

52.    Plaintiff and other class members are required to respond to calls and texts regarding the status of projects, including during meal and rest periods or while off the clock after the shift has already ended for the day. Further, the press of business deprives

Plaintiff and class members of the opportunity to take uninterrupted 30-minute meal breaks or 10-minute rest breaks. As a result, Plaintiff and other class members worked hours they were not paid for. Plaintiff and the Class Members therefore seek unpaid wages and penalties.

53.    Defendant's pattern, practice, and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful, and entitles Plaintiff to recover, pursuant to Labor Code section 218, the unpaid balance of the straight time compensation owed to him.

54.    Labor Code § 510 and the applicable Wage Order provide that employees in California shall not be employed more than eight hours in any workday or forty hours in a workweek unless they receive additional compensation beyond their regular wages in amounts specified by law.  Specifically, Labor Code § 510(a) requires that: Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee.  Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.

55.    Labor Code § 1194 establishes an employee's right to recover unpaid overtime compensation, and interest thereon, together with the costs of suit, and attorneys' fees.  Labor Code §1198 makes employment of an employee for longer hours than the IWC set or under conditions the IWC prohibits unlawful.

56.    During the class period, Plaintiff and other class members have worked more than eight hours in a workday, and/or more than forty hours in a workweek.

57.    During the class period, Defendant has failed to pay Plaintiff, and other class members the overtime compensation premium for those unpaid hours they have worked in excess of the maximum hours permissible by law as required by Labor Code § 510 and

14

1198, and the applicable Wage Order.

58.    By virtue of Defendant's unlawful failure to pay for all wages earned and all hours worked and failure to pay the lawful overtime rate of compensation to the Plaintiff and other class members, Plaintiff and other class members have suffered, and will continue to suffer, damages in amounts which are presently unknown to them, but which exceed the jurisdictional limits of this Court and will be ascertained according to proof at trial.

59.    Defendant acted and is acting intentionally and oppressively toward Plaintiff and other class members with a conscious disregard of their rights, or the consequences to them, with the intent of depriving them of property and legal rights and otherwise causing them injury.

60.    Plaintiff and other class members request recovery of regular and/or overtime compensation according to proof, interest, attorneys' fees, expenses, and costs pursuant to Labor Code § 218.5, 218.6, 1194(a), and Civil Code §§3287(b) and 3289, as well as the assessment of any statutory penalties against Defendant, in a sum as provided by the Labor Code, the applicable Wage Orders, and/or other statutes.

## FOURTH CAUSE OF ACTION
**FAILURE TO REIMBURSE INCURRED NECESSARY BUSINESS EXPENSES**
**(Violation of Labor Code § 2802, *et seq*.)**
**(Against all defendants)**

61.    Plaintiff re–alleges and incorporates all preceding paragraphs as if fully set forth herein.

62.    California Labor Code section 2802 provides that an employer must reimburse employees for all necessary expenditures.

63.    At all relevant times during the class period, Plaintiff and other members of the class incurred necessary business-related expenses and costs that were not fully reimbursed by Defendant, including, but not limited to, work related travel and mileage expenses and personal cellphone usage.

64.    Defendant has intentionally and willfully failed to fully reimburse Plaintiff and class members for necessary business-related expenses and costs. Defendant's conduct violates California Labor Code Section 2802.

65.    Plaintiff and class members are entitled to recover from Defendant their business-related expenses incurred during the course and scope of their employment, plus interest, pursuant to California Labor Code section 2802.

**FIFTH CAUSE OF ACTION**
**FAILURE TO PAY ALL WAGES DUE UPON TERMINATION**
**(Violation of Labor Code §§ 201-203)**
**(Against all defendants)**

66.    Plaintiff re–alleges and incorporates all preceding paragraphs as if fully set forth herein.

67.    California Labor Code §§ 201-203 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy–two hours thereafter, unless the employee has given seventy–two hours prior notice of his or her intention to quit in which case the employee is entitled to his or her wages at the time of quitting.

68.    During the Class period, Defendant willfully failed to pay Plaintiff and Class members who are no longer employed by Defendant all their earned wages, specifically, meal and rest period premiums not paid for missed or interrupted meal and rest periods, and wages for all hours worked, either at the time of discharge or within seventy–two hours of their leaving Defendant's employ in violation of California Labor Code §§ 201, 202, and 203.

69.    Therefore, Plaintiff and members of the Class are entitled to waiting time penalties for each day that has passed that they have not received all wages owed to them, up to 30 days.

**SIXTH CAUSE OF ACTION**
**FAILURE TO FURNISH TIMELY AND ACCURATE WAGE STATEMENTS**

16

**(Violation of Labor Code §226)**
**(Against all defendants)**

70.    Plaintiff re–alleges and incorporates all preceding paragraphs as if fully set forth herein.

71.    California Labor Code § 226(a) provides: "[e]very employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee […], (3) the number of piece–rate units earned and any applicable piece rate if the employee is paid on a piece–rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number, […], (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee…".

72.    Labor Code § 226(e) provides that an employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or $50 for the initial pay period in which a violation of § 226 occurs and $100 for each subsequent pay period.

73.    Plaintiff is informed, believes and thereon alleges that at all times relevant, Defendant knowingly and intentionally failed to furnish, and continues to knowingly and intentionally fail to furnish, Plaintiff and each Class member with timely and accurate itemized statements showing the name and address of the employer, all applicable hourly rates in effect and corresponding number of hours, and gross wages earned by Plaintiff and each Class member, as required by Labor Code § 226(a), in that the premiums owed to Plaintiff and the members of the Class for untimely or interrupted meal and rest

17

periods were not included in gross wages earned by Plaintiff and the Class.

74.   Defendant's failure to provide Plaintiff and members of the Class with accurate itemized wage statements during the Class period has caused Plaintiff and members of the Class to incur economic damages in that they were not aware that they were owed and not paid compensation for missed rest periods and on–duty meal periods, and for all hours worked at the appropriate rate. In addition, Defendant provided inaccurate information regarding hours worked, which masked its underpayment of wages to Plaintiff and the Class.

75.   As a result of Defendant's issuance of inaccurate itemized wage statements to Plaintiff and members of the Class in violation of Labor Code § 226(a), Plaintiff and the members of the Class are each entitled to recover actual damages or penalties pursuant to § 226(e) of the Labor Code.

## SEVENTH CAUSE OF ACTION
## VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW
### (Violation of California's Unfair Competition Law,
### Bus. & Prof. Code § 17200 *et seq*.)
### (Against all defendants)

76.   Plaintiff re–alleges and incorporates all preceding paragraphs as if fully set forth herein.

77.   § 17200 of the California Business and Professions Code (the "UCL") prohibits any unlawful, unfair, or fraudulent business practices.

78.   Through its action alleged herein, Defendant has engaged in unfair competition within the meaning of the UCL. Defendant's conduct, as alleged herein, constitutes unlawful, unfair, and/or fraudulent business practices under the UCL.

79.   Defendant's unlawful conduct under the UCL includes, but is not limited to, failure to pay class members wages and compensation they earned through labor provided and failing to otherwise compensate class members for non-compliant meal and rest periods as alleged herein. Defendant's fraudulent conduct further includes, but is not limited to, issuing wage statements containing false and/or misleading information about

18

the time the class members worked and the amount of wages or compensation due.

80.    Plaintiff has standing to assert this claim because he has suffered injury in fact and has lost money as a result of Defendant's conduct.

81.    Plaintiff and the Class seek restitutionary disgorgement from Defendant of monies owed for all hours worked and for unpaid meal and rest period premiums.

82. Plaintiff has assumed the responsibility of enforcement of the laws and public policies specified here by suing on behalf of himself and other similarly situated Class members previously or presently working for Defendant in California. Plaintiff's success in this action will enforce important rights affecting the public interest. Plaintiff will incur a financial burden in pursuing this action in the public interest. Therefore, an award of reasonable attorneys' fees to Plaintiff is appropriate pursuant to Code of Civil Procedure section 1021.5.

### EIGHTH CAUSE OF ACTION
### VIOLATION OF PRIVATE ATTORNEYS GENERAL ACT (PAGA)
### (Cal. Lab. Code §§2698 and 2699, et. seq.)
### (Against all defendants)

83.    Plaintiff re–alleges and incorporates all preceding paragraphs as if fully set forth herein.

84.    Labor Code sections 2698 and 2699 (The California Private Attorneys General Act of 2004, or "PAGA"), expressly establish that any provision of the California Labor Code which provides for a civil penalty to be assessed and collected by The Labor and Workforce Development Agency ("LWDA"), or any of its departments, divisions, commissions, boards, agencies or employees for a violation of the California Labor Code, may be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself, and other current or former employees.

85.    Whenever the LWDA, or any of its departments, divisions, commissions, boards, agencies or employees has discretion to assess a civil penalty, a fact-finder in a civil action is authorized to exercise the same discretion, subject to the same limitations

and conditions, to assess a civil penalty.

86.     Plaintiff is an "aggrieved employee" as defined by Labor Code section 2699, because he is an employee of Defendant, and one or more of the Labor Code violations was committed against him.

87.     Plaintiff asserts all of his claims in this Complaint against Defendant on behalf of himself, and all other members of the Class and/or on behalf of all aggrieved employees, as well as the general public, in his capacity as "private attorney general", and seek all statutory penalties available under the Labor Code.

88.     By reason of the above and pursuant to Labor Code section 2699, Plaintiff Almanzar on behalf of himself, and all other members of the Class and/or on behalf of all aggrieved employees, as well as the general public, are entitled to payment of a penalty of $100 per pay period for each employee for the initial violation, and $200 per pay period for each employee for each subsequent violation, plus interest.

89.     In addition, Plaintiff Almanzar, on behalf of himself, and all other members of the Class and/or behalf of all aggrieved employees, as well as the general public, seeks and is entitled to have 75% of all recovered penalties and interest allocated to the LWDA and 25% to the Plaintiff Class. Further, Plaintiff is entitled to seek and recover reasonable attorneys' fees, expenses and costs pursuant to Labor Code section 2699, and any other applicable statutes.

90.     Plaintiff complied with the notice requirements of Labor Code section 2699.3(a)(1) prior to commencing this action. A copy of the letter submitted to the California LWDA on May 19, 2020, via online filing, and copied to Defendants' Agent for Service of Process in California on the same date, via certified mail, in accordance with section 2699.3(a)(1), is attached hereto, as Exhibit A, and by reference incorporated herein.

91.     As of today's date, the LWDA has not responded to Plaintiff's notice.

92.     Plaintiff and the Plaintiff Class are also entitled to reasonable attorneys' fees

and costs, pursuant to California Labor Code section 2699(g)(1).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, pray for judgment against Defendant as follows:

A. An order that this action may proceed and be maintained as a class action;

B. An order appointing Plaintiff as representative for the Class and Subclasses;

C. An order appointing Plaintiff's counsel as counsel for the Class and Subclasses;

D. For one hour of wages due to Plaintiff and each class member for each work period of more than three and one–half (3 ½) hours when they did not receive an uninterrupted ten (10) minute rest period for each four (4) hours or major fraction thereof worked;

E. For one hour of wages due to Plaintiff and each Class member for each work period of more than five (5) hours when they did not receive an uninterrupted thirty (30) minute meal period;

F. For one hour of wages due to Plaintiff and each Class member for each work period of more than ten (10) hours when they did not receive an uninterrupted thirty (30) minute meal period;

G. For all straight-time wages owed to Plaintiff and each Class Member for all hours worked;

H. For all overtime wages owed to Plaintiff and each Class member for all hours worked;

I. For other compensatory damages and/or statutory damages and statutory penalties resulting from improper compensation according to proof;

J. For reimbursement of incurred necessary business expenses under Labor Code § 2802;

K. For actual damages or statutory penalties under Labor Code § 226(e);

L. For waiting time penalties pursuant to Labor Code § 203;

21

M. For liquidated damages pursuant to Labor Code § 1194.1;

N. For restitutionary disgorgement pursuant to the UCL;

O. Prejudgment and post-judgment interest at the maximum legal rate;

P. Reasonable attorney's fees;

Q. General, special and consequential damages, to the extent allowed by law;

R. Costs of suit;

S. For attorneys' fees pursuant to Code of Civil Procedure §1021.5;

T. For penalties for each violation of the Private Attorneys General Act ("PAGA"); and

U. Such other equitable relief as the Court may deem just and proper.

Dated: July 10, 2023                    By:___ /s/ David R. Markham
                                        David R. Markham
                                        Maggie Realin
                                        Lisa Brevard

                                        **UNITED EMPLOYEES LAW GROUP**
                                        Walter L. Haines
                                        Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demand a jury trial with respect to all issues triable of right by jury.

Dated: July 10, 2023                    By:    /s/ David R. Markham
                                        David R. Markham
                                        Maggie Realin
                                        Lisa Brevard

                                        **UNITED EMPLOYEES LAW GROUP**
                                        Walter L. Haines
                                        Attorneys for Plaintiff

Exhibit A

# THE MARKHAM LAW FIRM

• 750 B Street, Suite 1950 • San Diego, California 92101 •
•Phone: (619) 399-3995• Fax: (619) 615-2067•
•EMAIL: MREALIN@MARKHAM-LAW.COM

May 19, 2020

**Via Online Filing:**
https://dir.tfaforms.net/260
Labor and Workforce Development Agency
Attn. PAGA Administrator
1515 Clay Street, Ste. 801
Oakland, California 94612

**NOTICE OF LABOR CODE VIOLATIONS PURSUANT TO LABOR CODE §2699.3**

Re:      Wage/Hour Claims of Jorge Almanzar ("The Aggrieved Employee") against Home Depot U.S.A., Inc., a Delaware Corporation, ("Employer" or "Home Depot")

To:      PAGA Administrator, California Labor and Workforce Development Agency ("LWDA")

From:   Jorge Almanzar, who was subjected to the wage and hour practices set forth below

The Aggrieved Employee submits this Notice, pursuant to and in compliance with the requirements of California Labor Code §2699.3 subdivisions (a) and (f), and allege as follows:

JORGE ALMANZAR is a resident of Canyon Country, California and a former employee of Home Depot. Within the relevant time period, he worked as a non–exempt, hourly–paid Night Team Merchandising Execution Associate ("MEA") at multiple of Employer's locations, in the North Los Angeles, California, area.

Employer employs Night Team Merchandising Execution Associates among other employees with similar job titles and/or job duties, throughout California. During the relevant time period, the Employers utilized consistent policies and procedures regarding the Aggrieved Employee and other similarly aggrieved employees, in violation of Labor Code sections 201-203, 226, 226(a), 226.3, 226.7, 510, 512, 1194, 1198 and 2802. The following is a summary of the violations. For a more detailed explanation, see Attachment A (the Aggrieved Employee's proposed Amended Complaint).

During the relevant time period, Employer failed to provide the Aggrieved Employee and other aggrieved employees with timely and off–duty meal periods, in violation of California law. Aggrieved Employee's direct supervisor is supposed to have the keys to the particular store they are working in; however, this is usually not the case. When it is time for Aggrieved Employee's meal period, he has to locate the manager of the store he is working in to come unlock the doors so he may leave. Due to the difficulty of locating

1

the store manager, the Aggrieved Employee's and other aggrieved employees' meal periods are often taken after the end of their fifth hour of work.

Further, Employer failed to provide the Aggrieved Employee and other aggrieved employees with timely and off–duty meal periods on shifts over 10 hours, in violation of California law. The Aggrieved Employee and other aggrieved employees that work shifts of over 10 hours are entitled to a second 30-minute uninterrupted meal period. However, the Aggrieved Employee and other aggrieved employees are told by their managers that it is Employer's policy that every employee working a 10-hour shift is required to take one meal period and waive the second, and that adherence to this policy is a condition of the Aggrieved Employee's and other aggrieved employees' employment, despite the fact that they did not sign a meal waiver nor any other similar document.

Additionally, Employer's policies and practices regarding work conditions and expectations for its non-exempt, hourly-paid Night Team MEAs, caused the Aggrieved Employee and other aggrieved employees to miss one or more rest breaks, and/or receive late, short or interrupted rest breaks. The Aggrieved Employee and other aggrieved employees face disciplinary action when projects are not completed on time. When the Aggrieved Employee and other aggrieved employees are able to take their rest breaks, they are frequently interrupted by their supervisors or managers with work-related issues, such as inquiring about the status of projects.

The press of business and duties imposed on the Aggrieved Employee and other aggrieved employees by the Employers prevented them from taking timely and uninterrupted meal and rest breaks as prescribed by the California law. The Aggrieved Employee and other aggrieved employees were not paid meal period premiums for each day an uninterrupted and timely 30-minute meal break was not provided. This unlawful practice occurred systematically and was always done with the full knowledge and consent of the Employers.

Further, as part of their work duties. Aggrieved Employee and other aggrieved employees would travel to Employer's different locations. The average commute time was 30 minutes. The Aggrieved Employee and other aggrieved employees typically work 10 hour shifts not including their commute; however, the commute time is paid at the regular rate, even though this time is in excess of 8 hours in a day or 40 hours in a workweek. The Aggrieved Employee and other aggrieved employees were not paid for this time at the appropriate overtime rate.

Also, Employer willfully, and on a systematic and company–wide basis, maintained and implemented a non–compliant practice and/or policy for the payment of overtime and failed to pay all overtime wages owed to the Aggrieved Employee and other aggrieved employees. Employer would edit the Aggrieved Employee and other aggrieved employees' shift end time in the system, rounding it to the nearest 15-minute, to avoid addition of overtime. Upon information and belief, Employer would delete 2.5 hours of overtime every week.

Furthermore, during the relevant time period, the Aggrieved Employee and other aggrieved employees were required to travel in their own vehicles to each Home Depot location in performance of their job duties, but were not reimbursed for all actual mileage expenses they incurred. Employer reimbursed the Aggrieved Employee and other aggrieved employees for incurred mileage expenses at a rate of 40 cents per mile, instead of the standard Internal Revenue Service's rates per mile during the relevant time period, such as 57.5 cents in 2020 and 58 cents in 2019. In In addition, Employer only recently started paying the

2

Aggrieved Employee and other aggrieved employees 40 cents per mile for mileage reimbursement. Prior to November 2019, the rate was approximately 15 cents.

In addition, the Aggrieved Employee and other aggrieved employees were required to use their personal cellphones for work purposes. Managers would call the Aggrieved Employee and other aggrieved employees on their personal cellphones, instead of using the paging system in the store. The Aggrieved Employee and other aggrieved employees would be asked to send the managers text messages with pictures of the status of projects, with questions about the projects, or inquiring about where they are in the store. Sometimes, the Aggrieved Employee would already be home from his shift and would still receive calls from his manager asking work-related questions. The Aggrieved Employee and other aggrieved employees were not reimbursed for all necessary business expenses incurred.

Employer failed to pay the Aggrieved Employee and other aggrieved employees for all hours worked, including overtime, and meal and rest break premiums owed to them. Therefore, the Aggrieved Employees' wage statements incorrectly state their gross and net wages. As a result, the Aggrieved Employee and other aggrieved employees were provided with statements that failed to comply with California Labor Code section 226.

Because the Aggrieved Employee and other aggrieved employees were not paid for all hours worked, and premium meal and rest break wages owed to them, they were not paid all wages due to them at the termination of their employment.

**FAILURE TO PROVIDE MEAL BREAKS AND REST BREAKS—Violation of California Labor Code Sections 226.7 and 512**

California Labor Code section 512 provides no employer shall employ any person for a work period of more than five (5) hours without a duty–free meal period of not less than 30 minutes or for a work period of more than ten (10) hours without a second duty-free meal period of not less than 30 minutes. Under IWC Wage Orders, California Code of Regulations, and California Labor Code section 226.7, if an employer fails to provide an employee a duty–free meal period in accordance with this section, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday the meal period is not provided.

During the applicable time period, due to the press of business, and Employers' policies and procedures, Home Depot intentionally and improperly denied and failed to provide timely, uninterrupted and duty–free meal periods to the Aggrieved Employee and other aggrieved employees. Employer did this systematically and failed to pay its employees, one hour of pay at the regular rate of compensation for each instance that they failed to provide statutorily mandated and timely, uninterrupted, and off-duty meal periods.

Similarly, applicable IWC Wage Orders and California Code of Regulations require employers authorize and permit all employees to take rest periods at the rate of ten (10) minutes for every four (4) hours of work, or major fraction thereof. The Wage Orders, Labor Code section 226.7 and Regulations also state if an employer fails to provide an employee rest periods in accordance with this section, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday the rest period was not provided. These remedies are codified under California Labor Code section 226.7.

3

During the applicable time period, due to the pressure of the business, and Employers' policies and procedures, the Aggrieved Employee and other aggrieved employees were not able to take rest periods at the rate of ten (10) minutes for every four (4) hours of work, or major fraction thereof. Thus, Employers did not relieve the Aggrieved Employee and other aggrieved employees from their duties. The Aggrieved Employee and other aggrieved employees were not paid rest break premiums for each workday that the rest break was not provided, in violation of Labor Code section 226.7(c).

Further, as a result of Employers' failure to provide meal and rest periods, the Aggrieved Employee and all other aggrieved employees whose employment with Home Depot terminated within the applicable time period, were not paid all meal and rest premium wages due to them at termination of their employment, in violation of Labor Code sections 201-203.

The Aggrieved Employee and other aggrieved employees are entitled to seek and recover reasonable attorneys' fees and costs pursuant to California Labor Code sections 218.5, 218.6, and 1194, and penalties pursuant to California Labor Code sections 203, 226.7, and 558.

## FAILURE TO PAY OVERTIME WAGES—Violation of California Labor Code Section 510 and 1198

Under section 510(a) and 1198 of the California Labor Code, and an applicable Wage Order, non– exempt employees are to be paid 1.5 times their regular rate of pay for all hours worked in excess of eight (8) hours per workday and/or forty (40) hours per workweek and 2 times their regular rate of pay for all hours worked in excess of twelve (12) hours per workday. Regular rate of pay includes all remuneration for employment paid to or on behalf of the employee including commissions and non–discretionary bonuses.

Labor Code § 1198 states "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

IWC Wage Order 5-2001(2)(G) defines hours worked as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

During the relevant time period, Home Depot willfully, and on a systematic and company–wide basis, maintained and implemented a non–compliant practice and/or policy for the payment of overtime, and failed to pay all overtime wages owed to Employees.

The Aggrieved Employee and other aggrieved employees are entitled to recover those unpaid wages, as well as civil penalties, attorney's fees, costs, and interest thereon, pursuant to Labor Code sections 558, 1194, and/or 2699(a), (f)-(g).

## FAILURE TO REIMBURSE BUSINESS EXPENSES—Violation of Labor Code Section 2802

California Labor Code § 2802 provides: "An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his

4

or duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."

During the applicable statutory period, the Aggrieved Employee and other aggrieved employees incurred necessary expenditures and losses in direct consequence of the discharge of their employment duties and their obedience to the directions of Home Depot. Expenses include but are not limited to mileage and cellphone usage reimbursement. Employer did not reimburse these expenditures or losses to the Aggrieved Employee and other aggrieved employees. Employer has failed to fully reimburse employees for necessary business–related expenses and losses.

The Aggrieved Employee and other aggrieved employees are entitled to recover their unreimbursed expenditures and losses pursuant to Labor Code § 2802.

### FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS—Violation of California Labor Code Sections 226 and 1174

California Labor Code section 226(a) provides that every employer is required to furnish each employee with accurate itemized statements in writing showing, in part, "gross wages earned," (§226(a)(1)), "net wages earned" (§226(a)(5)), "all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee…" (§226(a)(9)) and "the inclusive dates of the period for which the employee is paid." (§226(a)(6).) Labor Code Section 226(e) provides if an employer fails to comply with providing an employee with properly itemized wages statements as set forth in 226(a), then the employee is entitled to recover the greater of all actual damages or $50 for the initial pay period in which a violation occurs, and $100 per employee for each violation in any subsequent pay period, not to exceed $4,000 per employee. Further, Labor Code section 226.3 provides that any employer who violates section 226(a) shall be subject to a civil penalty in the amount of $250 per employee per violation in an initial citation and $1,000 per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage statement or fails to keep the required records pursuant to Section 226(a).

During the relevant time period, Home Depot knowingly and intentionally provided the Aggrieved Employee and other aggrieved employees with uniform, incomplete wage statements. Because the Employers failed to pay the Aggrieved Employee and other aggrieved employees all overtime wages, the correct amount of gross wages earned, net wages earned, and the correct number of hours at the correct hourly rates were not listed.

Furthermore, Employers failed to pay the Aggrieved Employee and other aggrieved employees meal and rest premium wages owed to them. Therefore, the Aggrieved Employee and other aggrieved employees' wage statements incorrectly state their gross and net wages, and the correct hourly rates of pay. As a result, the Aggrieved Employee and other aggrieved employees were provided with statements that failed to comply with California Labor Code section 226. Employer's payroll system is believed to operate in the same way as to all aggrieved employees.

### FAILURE TO PAY ALL WAGES DUE UPON TERMINATION

California Labor Code §§ 201-203 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than

seventy–two hours thereafter, unless the employee has given seventy–two hours prior notice of his or her intention to quit in which case the employee is entitled to his or her wages at the time of quitting.

During the relevant time period, Home Depot willfully failed to pay the Aggrieved Employee and other aggrieved employees who are no longer employed by Employer all their earned wages, specifically, meal and rest period premiums not paid for missed or interrupted meal and rest periods, and wages for all overtime hours worked, either at the time of discharge or within seventy–two hours of their leaving Home Depot's employ in violation of California Labor Code §§ 201, 202, and 203.

Therefore, the Aggrieved Employee and other aggrieved employees are entitled to waiting time penalties for each day that has passed that they have not received all wages owed to them, up to 30 days.
The Aggrieved Employee and other aggrieved employees are entitled to recover penalties, attorney's fees, costs, and interest thereon, pursuant to Labor Code sections 210 and/or 2699(a), (f)-(g).

The Aggrieved Employee, as an individual and on behalf of all other current or former Home Depot employees, seek all penalties or remedies as may be allowed under PAGA, and by this letter give written notice of their PAGA claim pursuant to Labor Code section 2699.3(a/c)(2)(A). Please advise within sixty (60) calendar days of the filing/postmark date of this Notice whether the LWDA intends to investigate the violations alleged above. We understand that if we do not receive a response within sixty–five (65) calendar days of the filing/postmark date of this Notice that the LWDA intends to investigate these allegations, the Aggrieved Employees may immediately thereafter amend his complaint to add the PAGA cause of action pursuant to Labor Code §2699.

The Aggrieved Employee and other aggrieved employees are represented in this matter by David R. Markham, Maggie Realin, and Lisa Brevard of The Markham Law Firm and Walter L. Haines of the United Employees Law Group.

Very truly yours,

THE MARKHAM LAW FIRM

David R. Markham
Maggie Realin
Lisa Brevard

**cc: (via Certified Mail)**
Corporation Service Company Which Will
Do Business in California as CSC –
Lawyers Incorporating Service
Agent for Service of Process for
Home Depot U.S.A., Inc.
2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA 95833

**cc: (via Certified Mail)**
Home Depot U.S.A., Inc.
Corporate Office
Attn: Legal Department
2455 Paces Ferry Road
Atlanta, GA 30339

**cc: (via Electronic Mail)**
Walter L. Haines
*walter@whaines.com*

6

Attachment A

David R. Markham (SBN 071814)
dmarkham@markham-law.com
Maggie Realin (SBN 263639)
mrealin@markham-law.com
Lisa Brevard (SBN 323391)
lbrevard@markham-law.com
**THE MARKHAM LAW FIRM**
750 B Street, Suite 1950
San Diego, CA 92101
Tel.: 619.399.3995; Fax: 619.615.2067

Walter Haines (SBN 071075)
walterhaines@yahoo.com
**UNITED EMPLOYEES LAW GROUP**
5500 Bolsa Avenue, Suite 201
Huntington Beach, CA 92649
Tel.: 888.474.7242; Fax: 562.256.1006

Attorneys for Plaintiff on behalf of himself and all others similarly situated

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

JORGE ALMANZAR, an individual, on behalf of himself and all others similarly situated,

       Plaintiff,

     v.

HOME DEPOT U.S.A., INC., a Delaware Corporation

       Defendant.

**CASE NO.: 2:20-cv-00699-TLN-KJN**
**CLASS ACTION**

**FIRST AMENDED COMPLAINT FOR:**
1) **FAILURE TO PROVIDE MEAL PERIODS;**
2) **FAILURE TO PROVIDE REST PERIODS;**
3) **FAILURE TO PAY OVERTIME WAGES;**
4) **FAILURE TO REIMBURSE NECESSARILY INCURRED BUSINESS EXPENSES;**
5) **FAILURE TO FURNISH TIMELY AND ACCURATE WAGE STATEMENTS;**
6) **VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW ("UCL"), BUS. & PROF. CODE § 17200** *et seq.*
7) **VIOLATION OF PRIVATE ATTORNEYS GENERAL ACT (PAGA) (Lab. Code §2698, et seq.)**

**DEMAND FOR JURY TRIAL**

Plaintiff JORGE ALMANZAR ("Plaintiff"), by and through his attorneys of record, brings this Class Action Complaint against Defendant HOME DEPOT U.S.A. Inc., a Delaware Corporation, ("HOME DEPOT" or "Defendant"). Plaintiff hereby alleges, on information and belief, except for information based on personal knowledge, which allegations are likely to have evidentiary support after further investigation and discovery, as follows:

## NATURE OF THE ACTION

1.      This is a class action for wage and labor violations arising out of Defendant's failure to pay wages for all time worked, failure to provide timely and uninterrupted meal and rest periods and failure to reimburse necessarily incurred business expenses.

2.      As more fully set forth below, Defendant failed to provide timely and uninterrupted meal and rest periods to its California non–exempt Traveling Merchandisers in violation of California Labor Code §§ 512 and 226.7, and the applicable Industrial Wage Order; failed to pay its employees one hour of pay at the regular rate of compensation for each instance that Defendant failed to provide statutorily mandated rest periods and timely off–duty meal periods; failed to pay them overtime for work in excess of eight hours a day or 40 hours a week, failed to reimburse incurred necessary business expenses, failed to furnish timely and accurate wage statements, and, is in violation of California's Unfair Competition Law ("UCL").

3.      Plaintiff seeks to represent and prosecute claims against Defendant in class action proceedings on behalf of all those similarly situated who are or were residents of the State of California.

## JURISDICTION AND VENUE

4.      This Court has diversity jurisdiction over this action, under 28 U.S.C. § 1332. Plaintiff is a citizen of California and Defendant is a citizen of Georgia.

5.      In addition, this Court also has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). CAFA grants

federal district courts original jurisdiction over civil class action lawsuits filed under federal or state law in which there are at least 100 members of the class, and any member of a class of plaintiffs is a citizen of a state different from any defendant, and the matter in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d).

6.    This case meets each of the CAFA requirements because (1) Plaintiff alleges on information and belief there are hundreds if not thousands of class members in California, (2) there is diversity between at least one putative class member and the named Defendant; and (3) Plaintiff alleges and believes the aggregate claims for wages and penalties exceed the jurisdictional $5,000,000.00 amount. As such, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d). This Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

7.    Venue is proper because upon information and belief, Defendant conducts substantial business—including employing class members within this District, and maintains numerous stores in this District.

## **PARTIES**

8.    Plaintiff JORGE ALMANZAR is currently a resident of Canyon Country, California. Plaintiff has been employed by Defendant as a non-exempt, hourly-paid Night Team Merchandising Execution Associate ("Night Team MEA") in Los Angeles, California, from approximately June 2018 to present.

9.    Plaintiff is informed and believes, and on that basis alleges, that HOME DEPOT is a Delaware Corporation with a principal place of business at 2455 Paces Ferry Road, Atlanta, Georgia 30339. Defendant is in the business of supplying tools and construction products and services throughout California. Plaintiff is informed and believes, and on that basis alleges, that HOME DEPOT is, and at all relevant times alleged herein was, a Delaware corporation authorized to and conducts business in California, including but not limited to the Eastern District of California.  Defendant employs Plaintiff at several of its Los Angeles, California, locations and employs/employed other Night Team Merchandising Execution Associates throughout

California.

## **FACTS**

10.     Plaintiff is currently employed by Defendant as a non-exempt, hourly-paid Night Team Merchandising Execution Associate in Los Angeles, California.

11.     In his role as a non-exempt, hourly-paid Night Team Merchandising Execution Associate ("Night Team MEA"), Plaintiff works 10-hour shifts four days a week, with three to four shifts per week spent traveling between multiple of Defendant's stores in the North Los Angeles area, and working with a traveling team of nine people. Plaintiff's duties include merchandising projects, planogram maintenance, overhead organization, and display/signage maintenance designed to enhance the customer experience at the store. Plaintiff would ensure that the products were stocked and properly merchandised. Plaintiff would perform his duties utilizing his own vehicle.

12.     During the relevant time period, Defendant failed to provide Plaintiff and other class members with timely and off–duty meal periods, in violation of California law.  Since Plaintiff and other class members work overnight shifts at multiple of Defendant's locations, Plaintiff's direct supervisor is supposed to have the keys to the particular store they are working in; however, this is usually not the case.  When it is time for Plaintiff's meal period, Plaintiff has to locate the manager of the store he is working in to come unlock the doors so he may leave. Due to the difficulty of locating the store manager, Plaintiff's and other class members' meal periods are often taken after the end of their fifth hour of work.

13.     Further, Defendant failed to provide Plaintiff and other class members with timely and off–duty meal periods on shifts over 10 hours, in violation of California law. Plaintiff and other class members that work shifts of over 10 hours are entitled to a second 30-minute uninterrupted meal period. However, Plaintiff and other class members were told by their managers that it is Defendant's policy that every employee working a 10-hour shift is required to take one meal period and waive the second, and that adherence to this policy is a condition of Plaintiff's and class members' employment,

*Almanzar v. The Home Depot USA, Inc.* CLASS ACTION COMPLAINT

despite the fact that Plaintiff and class members did not sign a meal waiver nor any other similar document. Plaintiff and other class members were not paid meal period premiums for each day a second uninterrupted and timely meal period was not provided.

14.    Additionally, Defendant's policies and practices regarding work conditions and expectations for its non-exempt, hourly-paid Night Team MEAs, caused Plaintiff and other class members to miss one or more rest breaks, and/or receive late, short or interrupted rest breaks.  Plaintiff and other class members face disciplinary action when projects are not completed on time. When Plaintiff and class members are able to take their rest breaks, they are frequently interrupted by their supervisors or managers with work-related issues, like inquiring about the status of projects.

15.    Further, because Plaintiff and other class members would travel to multiple of Defendant's locations, the average commute time was 30 minutes. Plaintiff and other class members work 10 hour shifts not including their commute; however, the commute time is paid at the regular rate, even though this time is in excess of 8 hours in a day or 40 hours in a workweek. Plaintiff and other class members are required to submit a mileage matrix to Defendant as well as input all mileage into an App called "Concur." The managers then enter this time into Kronos under an "OT Travel" pay code; however, they are compensated only at their regular rate. This practice applied to all of the nine traveling team members. Thus, Defendant failed to properly compensate Plaintiff and class members for all hours worked at the appropriate overtime rate for time that Plaintiff and class members spent traveling from one location to another.

16.    During the relevant time period, upon information and belief, Defendant willfully, and on a systematic and company–wide basis, maintained and implemented a non–compliant practice and/or policy for the payment of overtime, and failed to pay all overtime wages owed to Plaintiff and class members. Defendant would edit Plaintiff and class members' shift end time in the system, rounding it to the nearest 15-minute, to avoid addition of overtime. Upon information and belief, Defendant would delete 2.5 hours of overtime every week.

17.     Furthermore, during the relevant time period Plaintiff and class members were required to travel in their own vehicles to each Home Depot location in performance of their job duties as Night Team MEAs but were not reimbursed for all actual mileage expenses they incurred. Defendant reimbursed Plaintiff and class members for incurred mileage expenses at a rate of 40 cents per mile, instead of the standard rate of 57 cents per mile set by the Internal Revenue Service. Defendant only recently started paying Plaintiff and other class members 40 cents per mile for mileage reimbursement. Prior to November 2019, the rate was approximately 15 cents.

18.     Also, during the relevant time period, Plaintiff and other class members were required to use their personal cellphones for work purposes. Managers would call Plaintiff and class members on their personal cellphones, instead of using the paging system in the store. Plaintiff and class members would be asked to send the managers text messages with pictures of the status of projects, with questions about the projects, or inquiring about where they are in the store. Sometimes, Plaintiff would already be home from his shift and would receive calls from his manager asking work-related questions. Plaintiff and class members have never been reimbursed for all cellphone expenses.

19.     Defendant claims to have an open-door policy and that complaints are anonymous, however, Plaintiff and other class members fear retaliation if they make a complaint. After instances of Plaintiff complaining to managers, Plaintiff experienced retaliation from supervisors. He would be assigned projects that were meant for two people to complete and an unreasonable deadline in which to complete it. If Plaintiff and other class members did not complete their assigned projects, they faced a verbal or written warning that could result in termination.

20.     Upon information and belief, the above–mentioned unlawful employment practices by Defendant were applied the same to all non-exempt, hourly-paid Night Team Merchandising Execution Associates throughout Defendant's stores in California.

21.     Defendant's conduct, as alleged here, caused Plaintiff and other class members damages including, but not limited to, loss of wages and compensation.

1
2
3
4
5
6

Defendant is liable to Plaintiff and the class for failing to pay meal and rest break premiums; failing to pay all overtime wages owed for each pay period; failing to reimburse for business-related expenses, including all incurred mileage while traveling from one location to another and personal cellphone usage in performance of their job duties;  failing to provide timely and accurate wage statements; and violation of California's unfair competition law.

7
8
9
10

22.    Plaintiff is member of, and seeks to be a representative for, the class of similarly situated employees who all have been exposed to, have suffered, and/or were permitted to work under Defendant's unlawful employment practices as alleged in this complaint.

11

**EXHAUSTION OF PAGA NOTICE REQUIREMENT**

12
13
14
15
16
17
18

23.    Plaintiff Almanzar exhausted the notice requirement by filing a complaint with the Labor and Workforce Development Agency ("LWDA") in his letter dated May 19, 2020, as required under the California Labor Code Private Attorney General Act ("PAGA"). A true and correct copy of Plaintiff's letter is attached hereto as Exhibit A. The LWDA did not assume jurisdiction over the applicable penalty claims alleged; therefore, Plaintiff has exhausted the procedural requirement under PAGA to pursue any and all penalty claims as provided under PAGA.

19

**CLASS DEFINITIONS AND CLASS ALLEGATIONS**

20
21
22
23

24.    Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated, and as members of the Class they seek to represent. The Class Period is from four years prior to the filing of the Complaint in this action until the trial of this action ("Class Period"). The Class is defined as:

24
25

> *All current and former non–exempt, hourly-paid Night Team Merchandising Execution Associates employed by Defendant in California during the Class Period.*

26
27
28

25.    Further, Plaintiff brings this action on behalf of himself and all other similarly situated persons in Subclasses of the Plaintiff's Class, defined as:

### a.  Meal Period Subclass

All current and former non–exempt, hourly-paid Night Team Merchandising
Execution Associates employed by Defendant in California during the Class
Period, who worked at least one shift longer than five hours in a workday and/or
who worked at least one shift longer than ten hours in a workday.

### b.  Rest Period Subclass

All current and former non–exempt, hourly-paid Night Team Merchandising
Execution Associates employed by Defendant in California during the Class
Period, who worked at least one shift longer than three and a half hours in a
workday.

### c.  Overtime Subclass

All current and former non–exempt, hourly-paid Night Team Merchandising
Execution Associates employed by Defendant in California during the Class
Period, who worked at least one shift longer than eight hours in a workday and/or
worked more than 40 hours during the workweek.

### d.  Itemized Wage Statement Subclass

All current and former non–exempt, hourly-paid Night Team Merchandising
Execution Associates employed by Defendant in California during the Class Period
who received at least one wage statement from Defendant within the statute of
limitations period applicable to claims under Section 226 of the California Labor
Code.

### e.  UCL Subclass

All current and former non–exempt, hourly-paid Night Team Merchandising
Execution Associates employed by Defendant in California during the Class
Period, regarding whom Defendant have engaged in unlawful, unfair and/or
fraudulent business acts or practices prohibited by Business & Professions Code §
17200 *et. seq.* as specifically described herein.

26.    Plaintiff reserves the right to amend or otherwise alter the class definition, or

to propose or eliminate subclasses, in response to facts learned through discovery, legal arguments advanced by Defendant or otherwise.

27.    **Numerosity/Impracticability of Joinder**: The members of the Class are so numerous that individual joinder is impracticable. The members of the class are so numerous that joinder of all members would be unfeasible and impracticable. Plaintiff estimates, on information and belief, that there are hundreds of current and former non–exempt, hourly-paid store manager employees of Defendant employed, or formerly employed, at Defendant's stores in California during the Class Period. The identity of individuals qualifying for class membership is readily ascertainable via inspection of the personnel records and other documents maintained by Defendant in the normal course of business. Class members may be notified of the pendency of this action by mail, electronic mail, the Internet, or published notice.

28.    **Commonality and Predominance**: Common questions of law and fact exist as to all members of the Class. These questions predominate over any questions affecting only individual class members such that a class action is superior to other forms of action. The claims of the named Plaintiff are typical of those of every other member of the Plaintiff Class. All Class Members were treated in a similar fashion and suffered similar harm as a consequence of Defendant's conduct, as alleged. Common legal and factual questions include, but are not limited to:

    a.  Whether Defendant engaged in a pattern or practice of impeding Plaintiff and the members of the class from taking statutory off–duty meal periods on a timely basis;

    b.  Whether Defendant had a policy or practice of not paying meal or rest period premium wages;

    c.  Whether Defendant violated Labor Code §510  and the applicable California Industrial Welfare Commission Order by failing to pay Plaintiff and class members overtime wages;

    d.  Whether Defendant violated Labor Code §2802, by failing to reimburse

8

Plaintiff and class members incurred necessary business expenses;

e.  Whether Defendant failed to maintain accurate and itemized wage statements;

f.  Whether Defendant conducted and engaged in unfair business practices and violated California Business and Professions Code § 17200;

g.  Whether Defendant violated Labor Code § 201-203 by failing to pay all wages due upon termination to all Class members who were terminated or voluntarily quit; and

h.  The nature and extent of class–wide injury and the measure of damages or restitution for the injury.

29.  **Typicality:** Plaintiff's claims are typical of the claims of the members of the class he seeks to represent because Plaintiff, as non–exempt, hourly paid Night Team Merchandising Execution Associate employed by Defendant, was exposed and subjected to the same unlawful business practices and conduct as other non–exempt, hourly paid Night Team Merchandising Execution Associates employed by Defendant during the class period. Named Plaintiff's claims arise from the same practices and course of conduct that give rise to the claims of the members of the class and are based on the same legal theories. Plaintiff and the members of the class he seeks to represent sustained the same types of damages and losses.

30.  **Adequacy:** Plaintiff is an adequate representative of the class he seeks to represent because his interests do not conflict with the interests of the members of the class Plaintiff seeks to represent. There is a well–defined community of interest in the questions of law and fact affecting the class of persons that Plaintiff represents as a whole. Plaintiff retained counsel competent and experienced in complex class action litigation, and Plaintiff intends to prosecute this action vigorously. Neither Plaintiff nor his attorneys have any interests contrary to or in conflict with the Class. The interests of the members of the Class will be fairly and adequately protected by Plaintiff and his counsel.

31.  Plaintiff does not anticipate any difficulty managing this litigation.

32.    **Superiority and Substantial Benefit:** The class action is superior to other available means for the fair and efficient adjudication of Plaintiff's and the Class members' claims. Individual employees such as Plaintiff have a difficult time prosecuting an individual action against large corporate employers such as Defendant. The damages suffered by each individual class member may be limited. Damages of such magnitude are small given the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct. Further, it would be virtually impossible for the class members to redress the wrongs done to them on an individual basis. Even if members of the Class themselves could afford such individual litigation, the court system could not. Individualized litigation increases the delay and expense to all parties and the court system due to the complex legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

33.    The Class should also be certified because:

a.    The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual class members which would establish incompatible standards of conduct for Defendant;

b.    The prosecution of separate actions by individual members of the Class would create a risk of adjudication with respect to them, which would, as a practical matter, be dispositive of the interests of the other class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and

c.    Defendant acted or refused to act on grounds generally applicable to the Class, and/or the general public, thereby making appropriate final and injunctive relief with respect to the Class as a whole.

# FIRST CAUSE OF ACTION
## FAILURE TO PROVIDE MEAL PERIODS
### (Violation of Labor Code §§ 512, 226.7, and the applicable Wage Order)
### (Against all defendants)

34.    Plaintiff re–alleges and incorporates all preceding paragraphs as if fully set forth herein.

35.    California Labor Code § 226.7(b) provides, "An employer shall not require an employee to work during a meal or rest period mandated pursuant to an applicable order of the Industrial Welfare Commission".

36.    IWC Order No. 7-2001(11)(A) provides, in pertinent part: "[n]o employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee."

37.    § 512(a) of the California Labor Code provides, in pertinent part: "[a]n employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

38.    As alleged herein, Defendant failed to authorize and permit timely and uninterrupted meal periods during the Class Period. Plaintiff and members of the Class were routinely required to work without a timely and uninterrupted meal period at the direction of Defendant and/or with Defendant's knowledge and acquiescence. Additionally, there was no signed waiver waiving meal periods on shifts of no more than

six hours or waiving the second meal period on shifts over 10 hours, but less than 12.

39.    By its actions in requiring its employees to work through meal periods and/or its failure to relieve the employees of their duties for their off–duty meal periods, Defendant has violated California Labor Code §§ 226.7, 512 and § 11 of IWC Wage Order No. 7-2001, and is liable to Plaintiff and the class.

40.    As a result of the unlawful acts of Defendant, Plaintiff and the class have been deprived of timely off–duty meal periods and are entitled to recovery under Labor Code §§ 226.7(c), 512 and § 11of IWC Wage Order No. 4-2001, in the amount of one additional hour of pay at the employee's regular rate of compensation for each workday in which Defendant failed to provide its employees with timely statutory off–duty meal periods.

41.    Plaintiff, and the other members of the class, are entitled to seek and recover reasonable attorneys' fees and costs pursuant to Labor Code §§ 226.7 and 512.

### SECOND CAUSE OF ACTION
**FAILURE TO PROVIDE REST PERIODS**
**(Violation of Labor Code §§ 226.7 and the applicable Wage Order)**
**(Against all defendants)**

42.    Plaintiff re–alleges and incorporates all preceding paragraphs as if fully set forth herein.

43.    California Labor Code § 226.7(b) provides, "An employer shall not require an employee to work during a meal or rest period mandated pursuant to an applicable order of the Industrial Welfare Commission".

44.    IWC Order No. 7-2001(12)(A) provides, in pertinent part: "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one–half (3 ½) hours.

Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages".

45.    IWC Order No. 7-2001(12)(B) further provides: "[i]f an employer fails to provide an employee with a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided".

46.    As alleged herein, Defendant failed to authorize and permit rest breaks during the Class Period. Plaintiff and members of the class were routinely interrupted during rest periods or were required to work through rest periods due to press of business at the direction of Defendant and/or with Defendant's knowledge and acquiescence.

47.    By its actions in requiring its employees during the Class Period to work through rest periods and/or its failure to relieve the employees of their duties for their rest periods, Defendant violated § 12 of IWC Wage Order No. 7-2001 and California Labor Code § 226.7 and is liable to Plaintiff and the class.

48.    Defendant's unlawful conduct alleged herein occurred in the course of employment of Plaintiff and all others similarly situated and such conduct has continued through the filing of this complaint.

49.    As a direct and proximate result of Defendant's unlawful action, Plaintiff and the class have been deprived of timely rest periods and/or were not paid for rest periods taken during the Class period and are entitled to recovery under Labor Code § 226.7(c) in the amount of one additional hour of pay at the employee's regular rate of compensation for each workday in which Defendant failed to provide employees with timely and/or paid rest periods.

50.    Plaintiff, and the other members of the class, are entitled to seek and recover reasonable attorneys' fees and costs pursuant to Labor Code §§ 226.7.

**THIRD CAUSE OF ACTION**
**FAILURE TO PAY OVERTIME WAGES**
**(Violation of Labor Code § 510, 1194, 1198, and the applicable Wage Order)**
**(Against all defendants)**

13

51.    Plaintiff re–alleges and incorporates all preceding paragraphs as if fully set forth herein.

52.    Labor Code § 510 and the applicable Wage Order provide that employees in California shall not be employed more than eight hours in any workday or forty hours in a workweek unless they receive additional compensation beyond their regular wages in amounts specified by law.  Specifically, Labor Code § 510(a) requires that: Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee.  Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.

53.    Labor Code § 1194 establishes an employee's right to recover unpaid overtime compensation, and interest thereon, together with the costs of suit, and attorneys' fees.  Labor Code §1198 makes employment of an employee for longer hours than the IWC set or under conditions the IWC prohibits unlawful.

54.    During the class period, Plaintiff and other class members have worked more than eight hours in a workday, and/or more than forty hours in a workweek.

55.    During the class period, Defendant has failed to pay Plaintiff, and other class members the overtime compensation premium for those unpaid hours they have worked in excess of the maximum hours permissible by law as required by Labor Code § 510 and 1198, and the applicable Wage Order.

56.    By virtue of Defendant's unlawful failure to pay the lawful overtime rate of compensation to the Plaintiff and other class members, Plaintiff and other class members have suffered, and will continue to suffer, damages in amounts which are presently unknown to them, but which exceed the jurisdictional limits of this Court and will be ascertained according to proof at trial.

57.    Defendant acted and are acting intentionally and oppressively toward Plaintiff and other class members with a conscious disregard of their rights, or the

14

consequences to them, with the intent of depriving them of property and legal rights and otherwise causing them injury.

58.    Plaintiff and other class members request recovery of overtime compensation according to proof, interest, attorneys' fees, expenses, and costs pursuant to Labor Code § 1194(a), and Civil Code §§3287(b) and 3289, as well as the assessment of any statutory penalties against Defendant, in a sum as provided by the Labor Code, the applicable Wage Orders, and/or other statutes.

### FOURTH CAUSE OF ACTION
### FAILURE TO REIMBURSE INCURRED NECESSARY BUSINESS EXPENSES
#### (Violation of Labor Code § 2802, *et seq.*)
#### (Against all defendants)

59.    Plaintiff re–alleges and incorporates all preceding paragraphs as if fully set forth herein.

60.    California Labor Code section 2802 provides that an employer must reimburse employees for all necessary expenditures.

61.    At all relevant times during the class period, Plaintiff and other members of the class incurred necessary business-related expenses and costs that were not fully reimbursed by Defendant, including, but not limited to, work related travel and mileage expenses and personal cellphone usage.

62.    Defendant has intentionally and willfully failed to fully reimburse Plaintiff and class members for necessary business-related expenses and costs. Defendant's conduct violates California Labor Code Section 2802.

63.    Plaintiff and class members are entitled to recover from Defendant their business-related expenses incurred during the course and scope of their employment, plus interest, pursuant to California Labor Code section 2802.

### FIFTH CAUSE OF ACTION
### FAILURE TO FURNISH TIMELY AND ACCURATE WAGE STATEMENTS
#### (Violation of Labor Code §226)
#### (Against all defendants)

64.    Plaintiff re–alleges and incorporates all preceding paragraphs as if fully set

15

forth herein.

65.    California Labor Code § 226(a) provides: "[e]very employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee […], (3) the number of piece–rate units earned and any applicable piece rate if the employee is paid on a piece–rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number, […], (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee…".

66.    Labor Code § 226(e) provides that an employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or $50 for the initial pay period in which a violation of § 226 occurs and $100 for each subsequent pay period.

67.    Plaintiff is informed, believes and thereon alleges that at all times relevant, Defendant knowingly and intentionally failed to furnish, and continues to knowingly and intentionally fail to furnish, Plaintiff and each Class member with timely and accurate itemized statements showing the name and address of the employer, all applicable hourly rates in effect and corresponding number of hours, and gross wages earned by Plaintiff and each Class member, as required by Labor Code § 226(a), in that the premiums owed to Plaintiff and the members of the Class for untimely or interrupted meal and rest periods were not included in gross wages earned by Plaintiff and the Class.

68.    Defendant's failure to provide Plaintiff and members of the Class with accurate itemized wage statements during the Class period has caused Plaintiff and

16

members of the Class to incur economic damages in that they were not aware that they were owed and not paid compensation for missed rest periods and on–duty meal periods, and for all hours worked at the appropriate rate. In addition, Defendant provided inaccurate information regarding hours worked, which masked its underpayment of wages to Plaintiff and the Class.

69.    As a result of Defendant's issuance of inaccurate itemized wage statements to Plaintiff and members of the Class in violation of Labor Code § 226(a), Plaintiff and the members of the Class are each entitled to recover actual damages or penalties pursuant to § 226(e) of the Labor Code.

**SIXTH CAUSE OF ACTION**
**VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW**
**(Violation of California's Unfair Competition Law,**
**Bus. & Prof. Code § 17200 *et seq*.)**
**(Against all defendants)**

70.    Plaintiff re–alleges and incorporates all preceding paragraphs as if fully set forth herein.

71.    § 17200 of the California Business and Professions Code (the "UCL") prohibits any unlawful, unfair, or fraudulent business practices.

72.    Through its action alleged herein, Defendant has engaged in unfair competition within the meaning of the UCL. Defendant's conduct, as alleged herein, constitutes unlawful, unfair, and/or fraudulent business practices under the UCL.

73.    Defendant's unlawful conduct under the UCL includes, but is not limited to, failure to pay class members wages and compensation they earned through labor provided and failing to otherwise compensate class members for non-compliant meal and rest periods as alleged herein. Defendant's fraudulent conduct further includes, but is not limited to, issuing wage statements containing false and/or misleading information about the time the class members worked and the amount of wages or compensation due.

74.    Plaintiff has standing to assert this claim because he has suffered injury in fact and has lost money as a result of Defendant's conduct.

75.    Plaintiff and the Class seek restitutionary disgorgement from Defendant of

monies owed for all hours worked and for unpaid meal and rest period premiums.

76. Plaintiff has assumed the responsibility of enforcement of the laws and public policies specified here by suing on behalf of himself and other similarly situated Class members previously or presently working for Defendant in California. Plaintiff's success in this action will enforce important rights affecting the public interest. Plaintiff will incur a financial burden in pursuing this action in the public interest. Therefore, an award of reasonable attorneys' fees to Plaintiff is appropriate pursuant to Code of Civil Procedure section 1021.5.

**<u>SEVENTH CAUSE OF ACTION</u>**
**VIOLATION OF PRIVATE ATTORNEYS GENERAL ACT (PAGA)**
**(Cal. Lab. Code §§2698 and 2699, et. seq.)**
**(Against all defendants)**

77. Plaintiff re–alleges and incorporates all preceding paragraphs as if fully set forth herein.

78. Labor Code sections 2698 and 2699 (The California Private Attorney General Act of 2004, or "PAGA"), expressly establish that any provision of the California Labor Code which provides for a civil penalty to be assessed and collected by The Labor and Workforce Development Agency ("LWDA"), or any of its departments, divisions, commissions, boards, agencies or employees for a violation of the California Labor Code, may be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself, and other current or former employees.

79. Whenever the LWDA, or any of its departments, divisions, commissions, boards, agencies or employees has discretion to assess a civil penalty, a fact-finder in a civil action is authorized to exercise the same discretion, subject to the same limitations and conditions, to assess a civil penalty.

80. Plaintiff is an "aggrieved employee" as defined by Labor Code section 2699, because he is an employee of Defendant, and one or more of the Labor Code violations was committed against him.

81. Plaintiff asserts all of his claims in this Complaint against Defendant on

18

behalf of himself, and all other members of the Class and/or on behalf of all aggrieved employees, as well as the general public, in his capacity as "private attorney general", and seek all statutory penalties available under the Labor Code.

82.    By reason of the above and pursuant to Labor Code section 2699, Plaintiff Almanzar on behalf of himself, and all other members of the Class and/or on behalf of all aggrieved employees, as well as the general public, are entitled to payment of a penalty of $100 per pay period for each employee for the initial violation, and $200 per pay period for each employee for each subsequent violation, plus interest.

83.    In addition, Plaintiff Almanzar, on behalf of himself, and all other members of the Class and/or behalf of all aggrieved employees, as well as the general public, seek and are entitled to have 75% of all recovered penalties and interest allocated to the LWDA and 25% to the Plaintiff Class. Further, Plaintiff is entitled to seek and recover reasonable attorneys' fees, expenses and costs pursuant to Labor Code section 2699, and any other applicable statutes.

84.    Plaintiff complied with the notice requirements of Labor Code section 2699.3(a)(1) prior to commencing this action. A copy of the letter submitted to the California LWDA on May 19, 2020, via online filing, and copied to Defendants' Agent for Service of Process in California on the same date, via certified mail, in accordance with section 2699.3(a)(1), is attached hereto, as Exhibit A, and by reference incorporated herein.

85.    As of today's date, the LWDA has not responded to Plaintiff's notice.

86.    Plaintiff and the Plaintiff Class are also entitled to reasonable attorneys' fees and costs, pursuant to California Labor Code section 2699(g)(1).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, pray for judgment against Defendant as follows:

A. An order that this action may proceed and be maintained as a class action;

B. An order appointing Plaintiff as representative for the Class and Subclasses;

C. An order appointing Plaintiff's counsel as counsel for the Class and Subclasses;

D. For one hour of wages due to Plaintiff and each class member for each work period of more than three and one–half (3 ½) hours when they did not receive an uninterrupted ten (10) minute rest period for each four (4) hours or major fraction thereof worked;

E. For one hour of wages due to Plaintiff and each Class member for each work period of more than five (5) hours when they did not receive an uninterrupted thirty (30) minute meal period;

F. For one hour of wages due to Plaintiff and each Class member for each work period of more than ten (10) hours when they did not receive an uninterrupted thirty (30) minute meal period;1

G. For all overtime wages owed to Plaintiff and each Class member for all hours worked;

H. For reimbursement of incurred necessary business expenses under Labor Code § 2802;

I. For actual damages or statutory penalties under Labor Code § 226(e);

J. For waiting time penalties pursuant to Labor Code § 203;

K. For liquidated damages pursuant to Labor Code § 1194.1;

L. For restitutionary disgorgement pursuant to the UCL;

M. Prejudgment and post-judgment interest at the maximum legal rate;

N. Reasonable attorney's fees;

O. General, special and consequential damages, to the extent allowed by law;

P. Costs of suit;

Q. For attorneys' fees pursuant to Code of Civil Procedure §1021.5;

R. For penalties for each violation of the Private Attorneys General Act ("PAGA"); and

S. Such other equitable relief as the Court may deem just and proper.

Dated: _____, 2020                    By:
_____
                                           _/s/ David R. Markham_
                                          David R. Markham
                                          Maggie Realin
                                          Lisa Brevard

                                          **UNITED EMPLOYEES LAW GROUP**
                                          Walter L. Haines

                                          Attorneys for Plaintiff

### DEMAND FOR JURY TRIAL

Plaintiff hereby demand a jury trial with respect to all issues triable of right by jury.

Dated: _____, 2020                    By:
_____

                                           _/s/ David R. Markham_
                                          David R. Markham
                                          Maggie Realin
                                          Lisa Brevard

                                          **UNITED EMPLOYEES LAW GROUP**
                                          Walter L. Haines

                                          Attorneys for Plaintiff



**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Corporation Service Company
Which Will do Business in CA as
CSC-Lawyers Incorporating Service
2710 Gateway Oaks Drive, Suite 150 N
Sacramento, CA 95833

9590 9402 4908 9032 8587 87

2. Article Number *(Transfer from service label)*

7019 0140 0000 4808 8248

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X

B. Received by *(Printed Name)*

C. Date of Delivery

□ Agent
□ Addressee

D. Is delivery address different from item 1?   □ Yes
If YES, enter delivery address below:   □ No

USPS ___ CA
MAY 22 2020

3. Service Type   □ Priority Mail Express®
□ Adult Signature
□ Adult Signature Restricted Delivery
□ Certified Mail®
□ Certified Mail Restricted Delivery
□ Collect on Delivery
□ Collect on Delivery Restricted Delivery
□ Insured Mail

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at *www.usps.com®.*

OFFICIAL USE

Certified Mail Fee
$
Extra Services & Fees *(check box, add fee as appropriate)*
□ Return Receipt (hardcopy)      $
□ Return Receipt (electronic)    $
□ Certified Mail Restricted Delivery  $
□ Adult Signature Required        $
□ Adult Signature Restricted Delivery $
Postage
$
Total Postage and Fees
$

Postmark
Here

Sent To   Corporation Service Company
Which Will do Business in CA as
CSC-Lawyers Incorporating Service
Street and Apt. No.,   2710 Gateway Oaks Drive, Suite 150 N
City, State, ZIP+4®   Sacramento, CA 95833

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

7019 0140 0000 4808 8248

---



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at *www.usps.com®.*

OFFICIAL USE

Certified Mail Fee
$
Extra Services & Fees *(check box, add fee as appropriate)*
□ Return Receipt (hardcopy)      $
□ Return Receipt (electronic)    $
□ Certified Mail Restricted Delivery  $
□ Adult Signature Required        $
□ Adult Signature Restricted Delivery $
Postage
$
Total Postage and Fees
$

Postmark
Here

Sent To   Home Depot U.S.A., Inc.
Attn: Legal Department
Street an   2455 Paces Ferry Road
City, Stat   Atlanta, GA 30339

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

7019 0140 0000 4808 8248